SARAH REDMOND, Respondent, *v.* CLARA L. MILLER, Appellant, Impleaded with ALFRED STARK, Defendant.

Third Department, December 30, 1931.

*Woollard & Cogan* [*Louis J. Rezzemini* of counsel], for the appellant.

*William Rooney,* for the respondent.

HILL, J. The defendant Miller appeals from a decision that a mortgage given her by the plaintiff is usurious and void. The mortgage had been assigned to the defendant Stark. The real parties in interest are the husbands respectively of the plaintiff and of the defendant Miller. All negotiations leading up to the giving of the mortgage were had between the men, and they will be spoken of as plaintiff and defendant. They were, and had been for at least two years before this transaction, dealers in real estate. Apparently their dealings had been in deeply submerged equities.

The mortgage which was adjudged usurious was dated January 12, 1929. The parties lived at Saratoga Springs and had negotiated quite frequently concerning the exchange of equities in real estate located in their home city and in nearby cities and towns. The negotiations had been without results until this mortgage was given. The plaintiff owned an acreage of land in the outlying part of the city of Saratoga Springs, subject to two mortgages, and against which a mechanic's lien of about $3,500 was being foreclosed. The lien was for labor done and material furnished in connection with the digging or drilling of a mineral water well on the premises. Defendant owned, or acquired for the purposes of this transaction, an equity in real estate in Saratoga Springs, known as Henning Hall. It was a furnished hotel or boarding house, and subject to a mortgage for $12,000. The salient parts of the transaction, as related by the plaintiff, are that defendant, a frequent caller at the plant wherein the water was bottled, in the early part of 1928 expressed a desire to acquire an interest in the water business. Plaintiff replied in substance that he was interested in the proposal because of his then urgent need for about $5,000 to meet pressing obligations. He mentioned the mechanic's lien, a judgment, interest of $700 due on the mortgages, and a note of $1,000 upon which he wished to make a payment. Defendant stated that he had $5,000 which he could invest, and inquired what interest in the water business plaintiff would give in exchange. Plaintiff offered ten per cent of " a $100,000 corporation to be formed on the eleven-acre frontage of this property as soon as the mortgages could be released from it." Defendant said that he would not consider less than a fifteen per cent interest. He then made a proposal involving the sale of Henning Hall to plaintiff. He said that he had paid $28,000 for this property, upon which there was a mortgage of $12,000; that it could be rented for $300 a month and offered to deed it to plaintiff and to advance the $5,000 " for a $26,000 third mortgage with the option of taking a twenty-six per cent interest in a $100,000 corporation if formed." Plaintiff and his wife took the keys to Henning Hall and carefully inspected the premises and furniture at least once. Plaintiff told defendant that he did not wish to buy the property but did desire the money. However, the transaction was ultimately carried out and the $26,000 mortgage given.

Defendant may have overstated the merits and value of his real property, but it should be recalled that he was receiving a third mortgage in payment, with an option to exchange the mortgage for an interest in a corporation that would own eleven acres of land with a mineral well. The value of this was uncertain and

problematical, as the owner apparently was unable to obtain a loan beyond the $10,000 of mortgages which then existed. Probably neither party understated the value of his holdings. Many speculators in real estate and in other commodities indulged in day dreams at the period of this transaction. Few of the dreams materialized. The value fixed by defendant on his property was not more fanciful than plaintiff's dream of a $100,000 corporation. They were optimists, dealing in hopes rather than realities. Plaintiff regarded the transaction as the sale of a share in his venture, and the defendant as a purchase. The reason for the failure to consummate the transaction by a tender of the stock in the proposed corporation is not given. The mortgage, which plaintiff says was to have been temporary, should not be held usurious for his failure. As of the date of this mortgage, the value of the property received by plaintiff was proportionate to the security he gave. He should not be released from the exchange which he was willing to make, under the claim that the transaction was usurious. The only money used in this transaction was furnished by the defendant Stark, who took the assignment of the mortgage as security for the loan to the defendant.

The judgment in favor of the plaintiff should be reversed on the law and facts, with costs, and plaintiff's complaint should be dismissed, with costs.

All concur.

Judgment reversed on the law and facts, with costs, and plaintiff's complaint dismissed, with costs.

The court reverses findings of fact numbered 2, 4, 5, 6, 7, 10, 11, 12 and 18, and makes a new finding of fact that the mortgage given by plaintiff to defendant is valid.